UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

CHROMACODE, INC., et al.,

Plaintiffs,

v.

BIO-RAD LABORATORIES, INC.,

Defendant.

Case No. 23-cv-04823-EKL (VKD)

**ORDER GRANTING CHROMACODE'S MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**

Re: Dkt. No. 68

In connection with its invalidity defenses against patents asserted by defendant and counter-plaintiff Bio-Rad Laboratories, Inc. ("Bio-Rad"), plaintiff and counter-defendant ChromaCode, Inc. ("ChromaCode") seeks leave to amend its invalidity contentions to add contentions identifying three claim terms as indefinite. Dkt. No. 68; *see* Dkt. No. 40 at 6. Bio-Rad opposes the motion. Dkt. No. 74. The Court held a hearing on the motion on September 17, 2024. Dkt. No. 81. For the reasons explained below, the Court grants ChromaCode's motion for leave to amend.

## I.     BACKGROUND

In its counterclaim in this patent infringement action, Bio-Rad asserts infringement of two patents, U.S. Patent No. 9,222,128 ("the '128 patent") and U.S. Patent No. 9,921,154 ("the '154 patent"). Dkt. No. 27 at 9-15. Pursuant to Patent Local Rule 3-3, ChromaCode served preliminary invalidity contentions regarding Bio-Rad's asserted patents on February 5, 2024, and then (apparently, by agreement of the parties) revised invalidity contentions on February 29, 2024. *See* Dkt. No. 68-1 ¶¶ 3-6; Dkt. No. 74-2; Dkt. No. 74-3. ChromaCode's February 29, 2024 invalidity contentions identified several claim terms in each of Bio-Rad's asserted patents as

invalid for indefiniteness under 35 U.S.C. § 112, in addition to other invalidity contentions. *See* Dkt. No. 74-3 at 10-12.

On March 7, 2024, pursuant to Patent Local Rule 4-1, ChromaCode identified several terms requiring claim construction, including the following:

- "determining a total number of amplification-positive partitions for each type of the more than R targets" ('128 patent)

- "generally parallel" ('154 patent)

- "a different plurality of the partitions contains each different pair of the R targets" ('154 patent)

Dkt. No. 68-1 ¶ 7. On March 19, 2024, pursuant to Patent Local Rule 4-2, ChromaCode served its preliminary claim constructions, identifying these three terms as "indefinite." *Id.* ¶ 8. ChromaCode did not include indefiniteness contentions as to these three terms in its February 5, 2024 or February 29, 2024 invalidity contentions. Dkt. No. 68 at 1.

On April 5, 2024, the parties filed their joint claim construction statement pursuant to Patent Local Rule 4-3. Dkt. No. 51. That statement included each of the three terms listed above as well as the parties' respective claim construction positions for each term.[1] *See id.* at 8-10. The statement indicated that neither party expected to call witnesses at the claim construction hearing, and that neither party requested any factual findings by the presiding judge. *See id.* at 10.

Between May 20, 2024 and June 18, 2024, the parties briefed the construction of the claim terms in dispute, including the three terms listed above. *See* Dkt. Nos. 54, 59, 64. In its opening claim construction brief, Bio-Rad objected that ChromaCode had failed to include its indefiniteness contentions as to the three terms in ChromaCode's earlier invalidity contentions, but Bio-Rad also argued against finding the terms indefinite on the merits. Dkt. No. 54 at 10-13, 17-22. On June 5, 2024, ChromaCode asked Bio-Rad to stipulate that ChromaCode be permitted to amend its invalidity contentions to include indefiniteness contentions for the three terms. Dkt. No. 68-1 ¶ 11. Bio-Rad declined to so stipulate. *Id.* ChromaCode briefed the merits of its

---

[1] As reflected in the joint claim construction statement, the first of the three terms was truncated to "each type of the more than R targets." Dkt. No. 51 at 8.

United States District Court
Northern District of California

1   indefiniteness positions in its responsive claim construction brief.  Dkt. No. 59 at 19-22, 23-25.

2   Bio-Rad again addressed the merits of ChromaCode's indefiniteness positions in Bio-Rad's reply

3   claim construction brief.  Dkt. No. 64 at 7-9, 11-13.  A claim construction hearing is set for

4   December 12, 2024 before the presiding judge.  Dkt. No. 88.

## II.    LEGAL STANDARD

The Patent Local Rules seek to "balance the right to develop new information in discovery

with the need for certainty as to the legal theories."  *O2 Micro Int'l Ltd. v. Monolithic Power Sys.,*

*Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006).  Invalidity contentions therefore may be amended

"only by order of the Court upon a timely showing of good cause."  Patent L.R. 3-6.

In assessing whether good cause exists, the Court considers whether the moving party was

diligent in seeking to amend its contentions, and whether the non-moving party would suffer

prejudice if the amendment were permitted.  *See Barco N.V. v. Tech. Properties Ltd.*, No. 5:08-cv-

05398 JF HRL, 2011 WL 3957390, at *1 (N.D. Cal. Sept. 7, 2011).  To established diligence, a

party generally must show both diligence in discovering the basis for amendment and diligence in

seeking amendment once the basis for amendment has been discovered.  *Positive Techs., Inc. v.*

*Sony Elecs., Inc.*, No. 11-cv-2226 SI, 2013 WL 322556, at *2 (N.D. Cal. Jan. 28, 2013).  "If the

court determines that the moving party was not diligent, the inquiry may end there."  *Twilio, Inc.*

*v. Telesign Corp.*, No. 16-cv-06925-LHK (SVK), 2017 WL 3581186, at *2 (N.D. Cal. Aug. 18,

2017) (citation omitted).  "However, the court retains discretion to grant leave to amend in the

absence of diligence where there is no prejudice to the opposing party."  *Id.* (citations omitted);

*see also Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-cv-00876-RS (JSC), 2016 WL

2855260, at *7 (N.D. Cal. May 13, 2016) (collecting cases).

## III.   DISCUSSION

The Court first considers whether ChromaCode was diligent in seeking to amend its

invalidity contentions, and then considers whether Bio-Rad would suffer prejudice if amendment

is permitted.

### A.    Diligence

Patent Local Rule 3-3 requires a party opposing a claim of patent infringement to disclose

1    its invalidity contentions, including "[a]ny grounds of invalidity based on . . . indefiniteness under

2    35 U.S.C. § 112(2)" for any asserted claim.  Patent L.R. 3-3(d).  There is no dispute that

3    ChromaCode should have disclosed its contention that the three claim terms at issue are indefinite

4    in its February 29, 2024 invalidity contentions, if not before.  Dkt. No. 68 at 1.  However, the

5    parties appear to disagree regarding what information Patent Local Rule 3-3(d) requires a party to

6    disclose about its indefiniteness positions.  Bio-Rad seems to suggest that a party must provide

7    "some sort of explanation" about *why* it believes a claim term is indefinite.  *See* Dkt. No. 74 at 9;

8    *see also id.* at 2, 5.  ChromaCode seems to suggest that a party need only disclose the specific

9    terms it contends are indefinite.  *See* Dkt. No. 68 at 7; Dkt. No. 76 at 5 n.1.  No party cites any

10   relevant authority regarding what kind of disclosure is sufficient to satisfy Patent Local Rule 3-

11   3(d) for indefiniteness.  The Court notes that other judges in this District have found that a party's

12   disclosure of the specific claim term that renders an asserted claim indefinite satisfies the Rule.

13   *See, e.g.*, *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-cv-00876-RS (JSC), 2017 WL

14   5257001, at *3, *5 (N.D. Cal. Nov. 13, 2017); *cf. NobelBiz, Inc. v. LiveVox, Inc.*, No. 13-cv-1773-

15   YGR, 2015 WL 225223, at *8 (N.D. Cal. Jan. 16, 2015) (finding contentions insufficient where

16   "defendants did not identify the term 'geographic region' as the source of indefiniteness, but rather

17   included the entirety of a lengthier phrase"); *Rambus Inc. v. NVIDIA Corp.,* No. 08-cv-03343 SI,

18   2011 WL 13249391, at *9 (N.D. Cal. Nov. 29, 2011) (finding contentions insufficient where party

19   relied on qualified language, and did not "specifically identify the precise limitations alleged to be

20   indefinite").[2]

21        Bio-Rad does not dispute that ChromaCode disclosed to Bio-Rad its position that the three

22   terms at issue were indefinite on March 19, 2024—19 days after ChromaCode served its revised

23   invalidity contentions.  Dkt. No. 68 at 7; Dkt. No. 74 at 2.  While ChromaCode disclosed this

24   position as part of its Patent Local Rule 4-2 claim construction disclosure, and not in its Patent

25   Local Rule 3-3 invalidity contentions, the content of the disclosure was no different than what

26

27   ───────────────

28   [2] As ChromaCode observes, Bio-Rad's own invalidity contentions in related case No. 23-cv-6360-EKL include only an identification of each claim term alleged to be indefinite and a citation to the statute.  *See* Dkt. No. 68 at 7; Dkt. No. 68-3.

United States District Court
Northern District of California

1    would have been necessary to satisfy the requirements of Patent Local Rule 3-3(d) for

2    indefiniteness.  ChromaCode acknowledges that it made a mistake in not including its

3    indefiniteness position on these three terms in its invalidity contentions but explains that "as it

4    analyzed the potential constructions for these terms, [it] concluded that they were indefinite."  Dkt.

5    No. 76 at 5.  The Court finds that ChromaCode was diligent in discovering the basis for its

6    indefiniteness position as to the three terms at issue and promptly disclosed its indefiniteness

7    position to Bio-Rad thereafter.

8         ChromaCode was not so prompt in seeking leave to amend its invalidity contentions.  The

9    parties agree that Bio-Rad first objected to ChromaCode's indefiniteness arguments on May 20,

10   2024 when Bio-Rad filed its opening claim construction brief.  Dkt. No. 68 at 4; Dkt. No. 74 at 2.

11   ChromaCode sought Bio-Rad's consent to amend its invalidity contentions to address this

12   objection on June 5, 2024, which was refused on June 12, 2024.  Dkt. No. 68-1 ¶ 11.  Whether this

13   refusal was reasonable or not is irrelevant to whether ChromaCode diligently sought leave to

14   amend.  ChromaCode's explanations for why it waited until August 8, 2024 to seek leave—i.e.

15   limited resources, briefing claim construction, participating in a settlement conference (*see* Dkt.

16   No. 76 at 2)—are not particularly compelling.  *See* Dkt. No. 76 at 2.  In short, the Court finds that

17   ChromaCode was not diligent in seeking leave to amend.

18        Critical to resolution of this motion is the Court's finding that ChromaCode fully disclosed

19   its indefiniteness position regarding the three terms to Bio-Rad shortly after ChromaCode served

20   its invalidity contentions.  Thus, while ChromaCode was not diligent in seeking leave to amend its

21   invalidity contentions to conform them to the indefiniteness arguments disclosed during the

22   parties' preparations for claim construction, the Court finds that ChromaCode was diligent in

23   discovering the basis for contending these terms are indefinite and in formally disclosing its

24   indefiniteness position to Bio-Rad.  To find that ChromaCode was not diligent in these

25   circumstances and should therefore be prevented from amending its contentions would be to

26   elevate form over substance.  The Court declines to find lack of diligence here.  *See, e.g.,*

27   *Facebook, Inc. v. BlackBerry Ltd.*, No. 18-cv-05434-JSW (JSC), 2020 WL 864934, at *10 (N.D.

28   Cal. Feb. 13, 2020), *report and recommendation adopted*, No. 18-cv-05434-JSW, 2020 WL

9422395 (N.D. Cal. Mar. 30, 2020) (finding no lack of diligence where, among other things, opposing party had notice of proposed amendments for over one month prior to claim construction hearing); *24/7 Customer, Inc. v. Liveperson, Inc.*, No. 15-cv-02897 JST (KAW), 2016 WL 6673983, at *3 (N.D. Cal. Nov. 14, 2016) (finding no lack of diligence where defendant "informed [plaintiff] of its new § 112 position one month after it served the initial invalidity contentions, and sought to meet and confer regarding the supplemental contentions a little more than one month later . . . prior to the close of claim construction discovery"); *see also The Bd. of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, No. 05-cv-04158 MHP, 2008 WL 624771, at *3 (N.D. Cal. Mar. 4, 2008) (finding that while plaintiff was "arguably not diligent in pursuing the amendment with this court, it was diligent in notifying and seeking discovery from [defendant]" with respect to infringement contentions).

*Illumina Inc. v. BGI Genomics Co.*, No. 20-cv-01465-WHO, 2020 WL 6891818 (N.D. Cal. Nov. 24, 2020) could be read as supporting a different conclusion on the question of diligence. Addressing the parties' claim construction arguments, not a motion for leave to amend, the court in that case found that defendant had "waived the right to assert [an] indefiniteness challenge" because it had not disclosed its indefiniteness arguments in its invalidity contentions, but only during preparations for claim construction. *Illumina*, 2020 WL 6891818, at *8. However, in reaching this conclusion, the court observed:

> [T]he Patent Local Rules lay out a particular process and standard for amending contentions that [defendant] has not followed, allowing a party to amend invalidity contentions "by order of the Court upon a timely showing of good cause.". . . . [Defendant] has not attempted to amend its invalidity contentions or to make out a showing of "good cause" to do so. It offers no explanation as to why it did not include this challenge in its initial invalidity contentions and has not sought leave of court to make any such amendment, undermining a potential argument that it has diligently sought to amend.

*Id.* Thus, the court in *Illumina* was not asked to decide whether leave to amend should be given, as ChromaCode asks here, but instead considered whether it should find a waiver on the merits in resolving the parties' claim construction dispute. ChromaCode did not make the same mistake as

1   the defendant in *Illumina,* in so far as ChromaCode now seeks leave to amend its invalidity

2   contentions to conform to its claim construction disclosures.

3       **B.    Prejudice**

4       ChromaCode argues that permitting amendment will not prejudice Bio-Rad. ChromaCode

5   observes that Bio-Rad had notice of ChromaCode's indefiniteness position with respect to the

6   three claim terms at issue two months before the parties began claim construction briefing. It

7   argues that Bio-Rad could have taken discovery or otherwise sought further information regarding

8   ChromaCode's indefiniteness position before filing its opening claim construction brief, but that

9   Bio-Rad elected not to do so. ChromaCode argues that, in any event, Bio-Rad had ample

10  opportunity to brief, and did brief, indefiniteness on the merits. Dkt. No. 68 at 3-4, 6-7.

11      Bio-Rad does not dispute that it neither objected to, nor sought information about,

12  ChromaCode's indefiniteness position for the three claim terms before Bio-Rad filed its opening

13  claim construction brief. Nevertheless, Bio-Rad argues that it suffered prejudice because it "was

14  forced to blindly address unexplained invalidity contentions in its opening claim construction

15  brief"—i.e. ChromaCode's position that the three terms are indefinite—and "then only had one

16  opportunity to address ChromaCode's positions[] in its reply claim construction brief . . ." Dkt.

17  No. 74 at 9.

18      Bio-Rad's prejudice arguments are unpersuasive. If, as the Court finds above,

19  ChromaCode's Patent Local Rule 4-2 claim construction disclosure included the same information

20  about its indefiniteness position that Patent Local Rule 3-3(d) requires—i.e. identification of the

21  specific terms a party contends are indefinite—it is simply not plausible that Bio-Rad suffered

22  prejudice in briefing claim construction solely because it got that information 19 days late. If Bio-

23  Rad was "blind" to the specific arguments ChromaCode intended to advance in support of its

24  indefiniteness position, Bio-Rad bears at least some of the blame for its predicament because it

25  failed to inquire or to adequately confer with ChromaCode about construction of the three terms,

26  as the Patent Local Rules require. *See* Patent L.R. 4-2(c) (After exchanging preliminary claim

27  constructions, "[t]he parties shall . . . meet and confer for the purposes of narrowing the issues and

28  finalizing preparation of a Joint Claim Construction and Prehearing Statement.").

United States District Court
Northern District of California

United States District Court
Northern District of California

1      Importantly, ChromaCode's indefiniteness arguments as to the three terms at issue do not

2  rely on expert testimony or any other extrinsic evidence.  And Bio-Rad does not contend that it

3  requires expert testimony or any discovery to oppose ChromaCode's arguments.  Instead, the

4  parties rely solely on legal argument and intrinsic evidence for their respective positions as to

5  these three terms.  *See* Dkt. Nos. 54, 59, 64.  Thus, this is not the kind of case where Bio-Rad was

6  prevented by a late disclosure from developing evidence necessary to respond to ChromaCode's

7  indefiniteness arguments.  The Court does not suggest that disclosure of an indefiniteness position

8  as part of the exchanges required by Patent Local Rules 4-1 and 4-2 always eliminates any

9  prejudice to the patentee where an accused infringer has failed to timely disclose an indefiniteness

10  position in its invalidity contentions.  Rather, in the circumstances presented here, the Court finds

11  that Bio-Rad did not suffer prejudice in briefing claim construction or otherwise.

12      With respect to Bio-Rad's remaining argument that it was constrained by page limitations

13  from fully addressing ChromaCode's indefiniteness arguments on the merits in its reply claim

14  construction brief, Bio-Rad could have sought relief from the presiding judge on that point but did

15  not.  Bio-Rad does not explain what arguments it would have briefed during claim construction

16  had it had more pages to do so.  Accordingly, the Court finds this argument unpersuasive.

17      Thus, the Court concludes that, even if ChromaCode was not diligent in seeking leave to

18  amend, it was diligent in promptly discovering and formally disclosing its indefiniteness position

19  to Bio-Rad, and Bio-Rad was not prejudiced by the timing of ChromaCode's disclosure.  The

20  Court exercises its discretion to permit the amendment.  *See Twilio*, 2017 WL 3581186, at *2;

21  *Karl Storz Endoscopy-Am.,* 2016 WL 2855260, at *7.

## IV.   CONCLUSION

23      The Court grants ChromaCode's motion for leave to amend its invalidity contentions to

24  add contentions identifying the three claim terms listed above as indefinite.  ChromaCode shall

25  serve its amended invalidity contentions on Bio-Rad by **November 15, 2024**.

26  //

27  //

28  //

1          **IT IS SO ORDERED.**

2     Dated: November 8, 2024

3

4

5                                                              Virginia K. DeMarchi
                                                             United States Magistrate Judge