UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE CHROMACODE LITIGATION | Case No.  23-cv-04823-EKL   (VKD)<br><br>**ORDER RE MARCH 25, 2026 DISCOVERY DISPUTE RE RULE 30(B)(6) DEPOSITION OF BIO-RAD**<br><br>Re: Dkt. No. 202 |

The parties ask the Court to resolve their dispute regarding the testimony of Bio-Rad Laboratories, Inc.'s ("Bio-Rad") representative, Joshua Shinoff, in response to certain Rule 30(b)(6) deposition topics.  Dkt. No. 202.  Specifically, California Institute of Technology ("Caltech") seeks an order compelling Bio-Rad to provide further deposition testimony on topics 7, 9 and 36, on the ground that Mr. Shinoff was insufficiently prepared.  Bio-Rad responds that its representative was prepared to, and did, answer questions within the scope of each topic.  The Court finds this dispute suitable for resolution without oral argument.  *See* Civil L.R. 7-1(b).

### 1.    Topic 7: financial information re accused products

Caltech complains that Bio-Rad's representative was not adequately prepared to provide testimony regarding topic 7:

> Your profits (gross, net, etc.) received from sales of the Accused Bio-Rad Products, including revenue, unit sales, and detailed costs of goods sold, manufacturing costs, profit and loss statements, inventories, write-offs, royalties, sales and marketing expenses, administrative expenses, research and development costs, and any other operating costs.

Dkt. No. 202 at 2-4; Dkt. No. 202-2.  Caltech claims that Mr. Shinoff could not answer specific

questions about the revenue, unit sales, costs, and pricing of the accused Bio-Rad products that are "critical" to Caltech's damages calculations.  Dkt. No. 200 at 2-4.  Bio-Rad responds that Mr. Shinoff was prepared to, and did, testify at length regarding the contents of a spreadsheet containing detailed financial information for many Bio-Rad products over a six-year period.  *Id.* at 7.  Bio-Rad argues that Caltech improperly faults Mr. Shinoff for not knowing "narrow details" regarding a handful of matters, some of which are not even within the scope of topic 7.  *Id.* at 6-8.

The Court has reviewed the deposition transcript excerpts the parties cite in support of their respective positions.  The Court agrees with Bio-Rad that the excerpts reflect Mr. Shinoff testified knowledgeably and in detail about Bio-Rad's revenues, sales tracking, costs of all types, and margins, including with reference to the spreadsheet.[1]  Topic 7 does not appear to encompass pricing strategy, average selling price, or forecasts, and so it is not surprising that Mr. Shinoff was unprepared to answer all of Caltech's questions about those subjects.  Similarly, to the extent, Caltech complains that Mr. Shinoff did not know whether Bio-Rad tracks variances between actual and standard costs on a product-specific basis, or was unable to respond to other inquiries directed at product-specific details, the Court is not persuaded that topic 7, which is drafted at a much higher level of generality, would have alerted Bio-Rad to the need to prepare a representative to testify regarding these details.  *See* Fed. R. Civ. P. 30(b)(6) (requiring noticing party to "describe with reasonable particularity the matters for examination").

In short, the Court is not persuaded that Caltech has shown further deposition testimony is warranted on any matter within the scope of topic 7.

### 2.    Topic 9: projections and forecasts

Caltech complains that Bio-Rad's representative was not adequately prepared to provide testimony regarding topic 9: "Facts and circumstances Regarding Your projections and forecasts concerning all relevant markets for the Accused Bio-Rad Products, including Your share of all relevant markets in which the Accused Bio-Rad Products are sold."  Dkt. No. 202 at 4-5; Dkt. No. 202-2.  Specifically, Caltech argues that Mr. Shinoff did not know whether Bio-Rad had ever

---

[1] The excerpts do not include questioning, if any, about other matters within the scope of topic 7 or whether Mr. Shinoff was prepared to answer those questions.

United States District Court
Northern District of California

United States District Court
Northern District of California

commissioned or conducted two specific marketing studies regarding the importance of specific capabilities to its customers.  Dkt. No. 202 at 4-5.  Bio-Rad responds that these matters are not within the scope of topic 9, but are instead with the scope of topic 10, for which another Bio-Rad witness was designated to testify.  *Id.* at 8-9.

Having reviewed the deposition transcript excerpts the parties cite in support of their respective positions, the Court agrees with Bio-Rad that Caltech's complaints with respect to topic 9 are meritless.

### 3.	Topic 36: business plans

Caltech complains that Bio-Rad's representative was not adequately prepared to provide testimony regarding topic 36: "Facts and circumstances Regarding Your past, current, and future business plans concerning the PCR multiplexing field."  Dkt. No. 202 at 5; Dkt. No. 202-2.  Specifically, Caltech argues that Mr. Shinoff was unable to answer one question about when Bio-Rad first began advertising a PCR system capable of detecting more than one target.  Dkt. No. 202 at 5.  Bio-Rad responds that the question Mr. Shinoff could not answer is not within the scope of topic 36, which is directed to business plans, not advertising or marketing.  *Id.* at 9.

Having reviewed the deposition transcript excerpts the parties cite in support of their respective positions, the Court agrees with Bio-Rad that Caltech's complaints with respect to topic 36 are meritless.

***

The Court denies Caltech's request for further deposition of Bio-Rad regarding topics 7, 9, or 36.

**IT IS SO ORDERED.**

Dated: April 8, 2026

Virginia K. DeMarchi
United States Magistrate Judge