United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHROMACODE, INC.,
Plaintiff,

v.

BIO-RAD LABORATORIES, INC.,
Defendant.

Case No. 23-cv-04823-EKL

**PRETRIAL ORDER**

This case is scheduled for a jury trial to begin **January 11, 2027**. The first pretrial conference is scheduled for **December 9, 2026**. This Pretrial Order sets forth the deadlines for trial preparation and will be supplemented by additional orders and instructions at the upcoming pretrial conference and further conferences prior to trial.

1. The parties shall meet and confer no later than **October 19, 2026**, regarding the following topics: (a) prospects of settling the case; (b) preparation of the joint pretrial statement; (c) preparation and exchange of pretrial materials to be filed pursuant to Federal Rule of Civil Procedure 26(a)(3); and (d) clarification and narrowing of the contested issues for trial.

2. The parties shall file a joint pretrial statement no later than **November 9, 2026**. The joint pretrial statement shall include the following:

   a. <u>The Parties</u>: A list of the parties who have been served and have appeared. Any parties not identified in the joint pretrial statement will be deemed to have been dismissed.

   b. <u>Substance of the Action</u>: A concise statement identifying the claims and defenses that remain to be decided; the elements of each claim and defense; and

United States District Court
Northern District of California

the pleading in which each claim and defense is pled. Parties will be precluded from presenting claims or defenses not set forth in the joint pretrial statement.

c. Relief Sought: A statement of relief sought, itemizing all elements of damages claimed.

d. Federal Jurisdiction and Venue: A statement of the bases for federal jurisdiction and venue.

e. Undisputed Facts: A concise statement of all facts that may be incorporated into the trial record by stipulation of the parties. The parties are ***strongly encouraged*** to meet and confer in good faith and to stipulate to all facts that are undisputed as early as possible in order to streamline issues for trial and to avoid wasting judicial and party resources on unnecessary evidentiary disputes.

f. Disputed Facts: A concise statement of all disputed facts to be litigated at trial.

g. Disputed Legal Issues: A concise statement of each disputed point of law, citing relevant statutes and decisions.

h. Estimate of Trial Time: An estimate of the total number of hours needed for trial. Except for voir dire, all time should be accounted for, including but not limited to opening statements, closing arguments, cross-examination, sidebars, objections, and argument outside the presence of the jury. Unless the parties stipulate otherwise, or by Court order, the total number of hours will be equally divided between Plaintiff and Defendant. The parties will be required to keep track of their time each day, account for all available hours the jury is available, and report the stipulated division of time to the Court each day.

i. Settlement Discussions: A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

j. Amendments or Dismissals: A statement of proposed amendments to the pleadings or dismissals of parties, claims, or defenses.

United States District Court
Northern District of California

k. Bifurcation of Separate Trial of Issues: A statement whether bifurcation or a separate trial of specific issues is feasible and desired.

l. Witnesses: *The following information shall be provided as an appendix to the joint pretrial statement.* Each party shall submit a list of all witnesses likely to be called at trial. This list shall include and identify witnesses appearing by deposition. For each witness, there should be a short statement of the substance of his or her testimony and an estimate regarding the length of testimony in hours (including direct and cross-examination). Additionally, each party shall provide a total number of hours of expected testimony (accounting for all witnesses). If the witness is an expert witness, please state the expert's theories and conclusions and the bases therefor. Attach the expert's curriculum vitae and report (if any). No party shall be permitted to call a witness in its case in chief who is not disclosed in the joint pretrial statement without leave of the Court for good cause shown.

m. Exhibits: *The following information shall be provided as an appendix to the joint pretrial statement.*

i. A joint list of exhibits to be offered at trial, in tabular form with: (a) a column identifying the exhibit number consistent with the premarking requirement below; (b) a column briefly describing the exhibit; (c) a column describing the purpose for which the exhibit is offered and identifying its sponsoring witness; (d) a column indicating whether parties have stipulated to each exhibit's authenticity and/or admissibility; (e) a column stating any objections to the exhibit; and (f) a column responding to the objections. The Court may rule on these objections before trial, and any unresolved objections must be asserted at trial. Before this list is filed with the Court, counsel shall meet and confer, in person or via video conference, to consider exhibit numbers, eliminate duplicate exhibits and confusion over exhibits, and make a

good faith effort to stipulate to authenticity and admissibility, absent a legitimate (not tactical) objection. No party shall be permitted to offer any exhibit at trial that is not disclosed in the joint pretrial statement without leave of the Court for good cause shown, unless it is offered solely for impeachment or rebuttal.

ii. All exhibits shall be pre-marked for identification by means of exhibit tags affixed to the lower-right corner of the first page of each exhibit. The parties must mark their exhibits using non-overlapping ranges of numbers, not letters, leaving enough unused numbers that additional exhibits can be marked during trial. For example, the parties might agree that Plaintiff will use numbers 001-199, and that Defendant will use numbers 300-499. A single exhibit should be marked only once.

3. Motions *in limine*:

a. Before filing any motion *in limine*, the moving party shall meet and confer and disclose the bases for their anticipated motions and seek a stipulated resolution from the opposing party.

b. The parties shall file their respective motions *in limine* no later than **November 16, 2026**. Each motion shall be filed as its own docket entry and shall be numbered as, for example, "Plaintiff's Motion *in Limine* No. 1 to Exclude . . . ." Each side is limited to ***three*** motions *in limine*. Each motion *in limine* is limited to 5 pages and may address only one issue.

c. The parties shall file oppositions to motions *in limine* no later than **November 23, 2026**.

d. No reply briefs shall be filed unless requested by the Court.

4. The parties shall file the following jury materials no later than **November 16, 2026**:

a. <u>Preliminary Statement to the Jury</u>: A simplified statement of the case to be read to the jury during voir dire and as part of the proposed jury instructions. This statement should not exceed two paragraphs.

United States District Court
Northern District of California

b. Jury Questionnaire: Jury Services has a standard jury questionnaire for civil cases, which is available at: https://cand.uscourts.gov/attorneys. It is the Court's practice to use that questionnaire, modified if necessary to fit the needs of the case. The parties must explain whether they are seeking any modifications to the standard jury questionnaire, and if so, they must provide those suggested changes in a jointly-prepared exhibit. Jury Services has limited ability to add questions to the standard questionnaire. Parties should propose no more than ten total additional questions to the form. Counsel will be allowed to conduct a brief voir dire, typically 20 minutes per side.

c. Jury Instructions:

i. Joint Set of Instructions: The parties shall submit a complete *joint set* of proposed jury instructions, arranged in a logical sequence, which incorporates the *Model Jury Instructions of the Ninth Circuit* and the *Judicial Council of California Civil Jury Instructions* ("CACI") to the extent feasible and appropriate. Proposed deviations from the model instructions, no matter how minor, must be clearly identified by red-lined copy and supported by authority. Each instruction must be single-sided, and labeled on the top of each page, in bold, with a number and title of the instruction (referencing the model instruction number, where relevant), with each new instruction starting on a new page.

ii. Stipulated Instructions: If an instruction is undisputed, it shall be identified as "Stipulated Instruction No. ___ re ____________," with the blanks filled in as appropriate. Even if stipulated, the instruction shall be supported by citation to a Ninth Circuit or CACI model instruction or other authority.

iii. Disputed Instructions: If an instruction is disputed, all versions of the instruction shall be inserted together in the logical place for the instruction in the overall sequence. A disputed instruction shall be

United States District Court
Northern District of California

identified as "Disputed Instruction No. ___ re ____________ offered by ____________," with the blanks filled in as appropriate. All disputed versions of the same instruction shall bear the same number. If a party does not have an alternate version but contends that no such instruction should be given, that party should so state on a separate page inserted in lieu of an alternate version. Each party should support its position regarding a disputed instruction with a brief argument and citation to relevant authority, set forth immediately following the disputed instruction. The parties are encouraged to keep disputed instructions to a minimum.

d. Verdict Form: The parties shall submit a joint proposed verdict form. If the parties are unable to stipulate to a verdict form, each party shall submit a proposed verdict form.

5. The parties shall file their respective trial briefs, not to exceed 15 pages, no later than **November 16, 2026**. A trial brief is most helpful to the Court when it summarizes the party's theory of the case, identifies key evidence, and provides summary briefing on any controlling issues of law.

6. If any party intends to present one or more witnesses by deposition rather than by live testimony, the following procedure shall apply:

   a. By **November 20, 2026**, each party that intends to present a witness by deposition shall disclose their deposition designations for each witness, citing to all page and line numbers of the witness's testimony.

   b. By **December 7, 2026**, the adverse party shall disclose all counter-designations and objections. Objections shall be made in good faith.

7. Chambers copies:

   a. The parties shall deliver two chambers copies of the joint pretrial statement, the jury materials, and the trial briefs the day after these materials are filed. *See supra* ¶¶ 2, 4-5. For the jury instructions, each chambers copy must be placed

United States District Court
Northern District of California

in a clearly labeled, single, three-ring binder, with two tabs. The first tab must contain all stipulated instructions. The second tab must contain all disputed instructions.

b. The parties shall deliver two chambers copies of the motion *in limine* briefing and any related exhibits to the Court by the day after briefing concludes. Each chambers copy must be placed in a clearly labeled, single, three-ring binder, with each motion in a separate tab, immediately followed by the separately tabbed opposition.

c. The parties shall bring two chambers copies of the full set of proposed deposition designations to the pretrial conference. For each witness, the parties shall provide a chart indicating: (1) the transcript page and line references for each requested designation and counter-designation; (2) the other party's stipulation or objections; and (3) a blank column for the Court to sustain or deny objections. A copy of each deposition transcript shall be highlighted to reflect all the proposed designations and counter-designations. Each party shall use a distinct color to highlight their proposed designations and counter-designations, and shall use the same color across all deposition transcripts. For example, Plaintiff shall use yellow highlighting to identify all designations and counter-designations for all witnesses.

d. The parties shall also provide an MS Word version of each chambers copy to eklpo@cand.uscourts.gov by the deadlines set forth above.

8. At the first pretrial conference, the Court will address the trial schedule, logistics, and expectations. The Court will also set further pretrial conferences and a date and time for jury selection, which may occur prior to the first day of trial. The chart below summarizes the pretrial deadlines set forth above.

//

//

//

**Summary of Pretrial Deadlines**

| **Event** | **Deadline** |
|---|---|
| Parties meet and confer regarding submission of joint pretrial statement | 10/19/26 |
| Joint pretrial statement due (including witness list and exhibit list) | 11/9/26 |
| Jury materials due | 11/16/26 |
| Trial briefs due | 11/16/26 |
| Motions *in limine* due | 11/16/26 |
| Disclose deposition designations | 11/20/26 |
| Oppositions to motions *in limine* due | 11/23/26 |
| Disclose objections and counter-designations of deposition testimony | 12/7/26 |
| First pretrial conference | 12/9/26 at 2:30 p.m. |
| Trial begins (including jury selection) | 1/11/27 at 9:00 a.m. |

**IT IS SO ORDERED.**

Dated: September 28, 2026



Eumi K. Lee
United States District Judge